**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CODY TINDALL,

Plaintiff,

Case No. 20-
Hon.

vs.

MACOMB COUNTY, a municipal Entity; SERGEANT JAMES STANLEY, in his individual and official capacity, jointly and severally;

Defendants.

---

GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355-5148
n.hanna@fiegerlaw.com

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, CODY TINDALL, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for his Complaint and Jury Demand against the above-named Defendants, hereby states as follows:

## JURISDICTION

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C. § 1983.

3. This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

4. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, excluding interest, costs and attorney fees.

## VENUE

5. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(d). The events took place within Macomb County, Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

**PARTIES**

6. At all times relevant to this lawsuit, Plaintiff, CODY TINDALL, was a resident of the County of Washtenaw, State of Michigan.

7. At all times relevant hereto, Defendant, MACOMB COUNTY, was and is a municipal corporation, duly organized and carrying on governmental functions in the County of Macomb, and one of the functions was to organize, operate, staff, train, and supervise the jail operations at the Macomb County Jail.

8. At all times relevant, Defendant SERGEANT JAMES STANLEY (hereinafter referred to as "STANLEY") was a Sergeant of MACOMB COUNTY who was responsible for controlling and overseeing the Macomb County deputies and jail staff and was responsible for overseeing Macomb County Jail inmates, and had personal involvement with Plaintiff, and was at all times relevant hereto acting under the color of state law within the course and scope of his employment as a Sergeant for MACOMB COUNTY, and was acting under the color and pretense of ordinances, regulations, laws and customs of MACOMB COUNTY, and is being sued in his individual and official capacity.

## **FACTUAL STATEMENT**

9. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

10. This action seeks relief for violations of Plaintiff, CODY TINDALL's rights secured and guaranteed by Title 42, Section 1983 of the United States Code (U.S.C), the 14th amendment to the United States Constitution, the laws of the United States and the Constitution of the laws of the state of Michigan.

11. This action also seeks relief under state law for assault and battery and intentional infliction of emotional distress.

12. The claims asserted herein arise from acts, failures to act and omissions committed, and policies, procedures and customs in place and/or implemented, while Plaintiff, CODY TINDALL, was in the custody of the Macomb County Sheriff and during his detention at the Macomb County Jail from on or about July 11, 2018, during which time the Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff to be free from the use of excessive force, to due process of law.

13. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct, having policies that promote that conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, with deliberate indifference to and reckless disregard for CODY TINDALL's safety and clearly established and known rights, to initiate and maintain adequate training, supervision and staffing; by failing to maintain proper and adequate policies, procedures and protocols, and customs and practices; and by ratifying the unlawful conduct performed by agents and officers, deputies, medical providers, personnel and employees under their direction, supervision and control.

14. At all times relevant hereto, on July 11, 2018, at approximately 00:10, CODY TINDALL was arrested and transported to the booking garage of the Macomb County Sherriff's Office for disorderly conduct.

15. At all times relevant hereto, disorderly conduct, is a petty, non-violent crime.

16. At all times relevant hereto, at no time was CODY TINDALLY suspected of having a weapon or otherwise posing any threat to himself or others.

17. At all times relevant hereto, STANLEY, along with Deputies Pohl, Duda Jr., Thomason, Pulizzi, Matz, and Jeruzal were present for the booking and processing of Plaintiff, CODY TINDALL.

18. At all times relevant hereto, Plaintiff CODY TINDALL did not pose a threat to the safety and wellbeing of Defendant STANLEY, deputies Pohl, Duda Jr., Thomason, Pulizzi, Matz, and Jeruzal, or himself.

19. At all times relevant hereto, Defendant STANLEY made the decision to place Plaintiff, CODY TINDALL, in a restraint chair.

20. At all times relevant hereto, Defendant STANLEY, Deputies Pohl, Duda Jr., Thomason, Pulizzi, Matz, and Jeruzal were present during the time CODY TINDALL was placed in the chair, restrained in the chair, and when STANLEY slammed CODY TINDALL's face into the chair.

21. At all times relevant hereto, Defendant STANLEY, forcefully and violently grabbed Plaintiff CODY TINDALL's head, manipulating his body to lock him into a restraint chair.

22. Plaintiff, CODY TINDALL, was physically forced into a restraint chair with locks and restraints fully implemented, handcuffed, and surrounded by six (6) deputies, and a sergeant, Defendant STANLEY. Plaintiff, CODY TINDALL, posed absolutely no threat to deputies, Defendant STANLEY, or himself.

23. Plaintiff, CODY TINDALL, was also processed, patted, and stripped down prior to being thoroughly secured in the restraint chair so that it was clear he had no weapon on his person and that he did not pose a threat to the deputies, Defendant STANLEY, himself, or other pre-trial detainees.

24. At all times relevant hereto, Plaintiff CODY TINDALL, did not in fact pose a threat, threaten, or punch, kick or otherwise harm deputies, Defendant STANLEY, himself, or other pre-trial detainees.

25. Without provocation, Defendant STANLEY, grabbed Plaintiff, CODY TINDALL's head and forced it down towards his legs so that he was facing the floor.

26. Without provocation, Defendant STANLEY then grabbed Plaintiff CODY TINDALL's head, pulled it back before slamming forward into the chair breaking Plaintiff, CODY TINDALL's nose.

27. At all times relevant hereto, the incident was captured on video. **(Attached hereto as Exhibit 1 – this exhibit is being filed in the traditional manner via a CD after this pleading has been accepted by this honorable court)** ***See below*** **(Exhibit 2- Still Shots from Video)**


CAUGHT ON CAMERA









28. At all times relevant hereto, Defendant STANLEY knew that the action of taking CODY TINDALL and placing him in a restraint chair was being recorded on video.

29. At all times relevant hereto, Defendant STANLEY willingly, knowingly, and deliberately stood in front of the camera prior to, during, and shortly thereafter the incident in order to willfully obstruct the view from the camera.

30. The force of Plaintiff CODY TINDALL's face being slammed into the chair was so powerful, a distinct "thump" noise can be heard on the video from the bone shattering against the chair.

31. Despite the loud cracking noise to Plaintiff, CODY TINDALL's nose, the blood streaming down his face, and the evident excruciating pain he was experiencing and articulating, Plaintiff, CODY TINDALL, was left in the restraint chair where an anti-spit mask was applied over his fractured nose further exacerbating his pain and injuries.





32. At all times relevant hereto, CODY TINDALL, was experiencing excruciating pain and an ongoing medical emergency and was left handcuffed in the restraint chair from 2:55 a.m. to 5:45 a.m., with the broken nose.

33. At all times relevant hereto, Plaintiff CODY TINDALL, was released from custody and no charges were filed against him.

34. At all times relevant hereto, Defendant, MACOMB COUNTY knew that Defendant, STANLEY had a history of violent and aggressive behavior against detainees and using unconstitutional excessive force, including an incident in August of 2016 against a Mr. Dequan Flowers.

35. At all times relevant hereto, in 2016, two (2) years prior to the subject incident, Defendant, STANLEY, tased Dequan Flowers without any threat or justification leading to a lawsuit.

36. At all times relevant hereto, Defendant MACOMB COUNTY knew about the incident pertaining to Dequan Flowers and was put on notice of Defendant STANLEY's history and pattern of using unconstitutional excessive force, evidenced by case number 2:17-cv-11240.

37. At all times relevant hereto, Defendant MACOMB COUNTY failed to properly supervise sergeant Defendant STANLEY, when they placed him in a supervisory role despite his repeated violations of constitutional violations.

38. At all times relevant hereto, Defendant MACOMB COUNTY knew or should have known that Defendant STANLEY had a clear and persistent pattern of violating inmates' rights to be free from excessive force, as described in the preceding paragraphs; Defendant MACOMB COUNTY ratified Defendant STANLEY's behavior by failing to take any disciplinary or remedial actions against Defendant STANLEY.

39. At all times relevant hereto, as a direct result of this incident, STANLEY, was charged with assault or battery.

40. At all times relevant hereto, Defendant was charged with assault or battery of another incident which occurred on September 23, 2018, where he tased another inmate without provocation or justification.

41. At all times relevant hereto, Defendant, MACOMB COUNTY, had a history and persistent pattern of being deliberately indifferent to inmates' rights by acquiescing to a pattern and history of use of excessive force by its officers. In 2014, Defendant, MACOMB COUNTY, allowed an inmate to die after refusing to provide her with medical attention.

42. At all times relevant hereto, Defendant, MACOMB COUNTY, in 2016, allowed several officers to unjustifiably tase a young inmate and leave him there to sit in his pain and injuries.

43. At all times relevant hereto, Defendant, MACOMB COUNTY, in 2018 allowed for two (2) separate incidents with the same officer, Defendant, STANLEY, when he slammed CODY TINDALL's head and then unjustifiably tased another inmate.

44. At all times relevant hereto, Defendant, MACOMB COUNTY, failed to create and implement policies and procedures to prevent and address use of constitutionally excessive force against detainees.

45. At all times relevant hereto, Defendant, MACOMB COUNTY, failed to train its employees to comply with safety standards, constitutional rights, and the use of force spectrum.

46. At all times relevant hereto, Defendant, MACOMB COUNTY, failed to train their employees, specifically, Defendant, STANLEY, in safety standards, constitutional rights, and the use of force spectrum.

47. At all times relevant hereto, Defendant, MACOMB COUNTY, had an unconstitutional custom and policy of deliberate indifference to detainees' constitutional rights by acquiescence to repeated unconstitutional use of excessive force by its employees.

48. Plaintiff seeks monetary damages, compensatory and punitive, as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## COUNT I
## DEFENDANT STANLEY'S USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS ACTIONABLE PURSUANT TO 42 U.S.C. § 1983

48. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

49. As a citizen of the United States and a pre-trial detainee in the Macomb County Jail located in the State of Michigan, Plaintiff, CODY

TINDALL, was entitled to all rights, privileges, and immunities accorded to all incarcerated citizens of the State of Michigan and of the United States.

50. Pursuant to the Fourth Amendment of the United States Constitution and incorporated to the States through the Fourteenth Amendment of the Constitution, Plaintiff, CODY TINDALL, had a right to be free from excessive force while under the custody and control of the defendants.

51. At all times relevant hereto, Plaintiff CODY TINDALL, had a clearly established right to be free from excessive force resulting in a fractured nose, and in adequate and sufficient medical care and/or treatment such that he would be free from needless, unjustified, and preventable pain, suffering, and deterioration of his well-being.

52. At all times relevant hereto, Defendant, STANLEY, was acting under the color of state law and in his capacity as a sergeant with the Macomb County Sheriff's office and his acts and/or omissions were conducted within the scope of his duties and employment.

53. Under all the circumstances known to Defendant STANLEY, the physical force used against Plaintiff, CODY TINDALL, was objectively unreasonable and clearly excessive.

54. Defendant, Sergeant STANLEY, violated Plaintiff, CODY TINDALL's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

55. At all times relevant hereto, Plaintiff, CODY TINDALL, had not committed a crime, was not engaged in the commission of a crime, and was not about to commit a crime.

56. At all times relevant hereto, Plaintiff, CODY TINDALL, was fully restrained in a restraint chair, surrounded by jail staff, stripped, handcuffed, and complying with requests.

57. At all times relevant hereto, Plaintiff, CODY TINDALL’s head, was facing the ground towards his legs while he was fully restrained in a restraint chair, surrounded by jail staff, stripped, handcuffed and complying with jail staff requests and in no way posing a threat to the safety and well-being of jail staff, Defendant, STANLEY, himself, or other pre-trial detainees, when Defendant STANLEY lifted his head and slammed it against the chair.

58. The misconduct of Defendant, STANLEY, directly and proximately caused Plaintiff, CODY TINDALL, to suffer numerous injuries including, but not limited to:

a. Broken nose;

b. Blood coming from nose and stuck to his face;

c. Prolonged pain;

d. Prolonged suffering;

e. Facial contusions;

f. Headaches;

g. Pain and suffering;

h. Post-Traumatic Stress Disorder;

i. Anxiety;

j. Mental anguish;

k. Emotional distress;

l. Fright and shock;

m. Humiliation and/or mortification;

n. Economic loss;

o. Punitive damages;

p. Exemplary damages;

q. Attorney fees and costs pursuant to 42 U.S.C. §1988;

r. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

s. Any other damages allowed by law;

59. The acts and/or omissions of Defendant, STANLEY, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, CODY

TINDALL. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff, CODY TINDALL, respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount greatly in excess of seventy-five thousand dollars ($75, 000) exclusive of costs, interest and attorney fees.

## COUNT II
## LIABILITY OF DEFENDANT MACOMB COUNTY FOR UNCONSTITUTIONAL CUSTOM AND POLICY OF INADEQUATE TRAINING AND/OR SUPERVISION OF OFFICERS REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS AND ACQUIESCENCE AND/OR SUPERVISORY ENCOURAGEMENT OF USE OF EXCESSIVE FORCE AGAINST CITIZENS

60. Plaintiff incorporates herein all of the prior allegations.

61. Defendant, MACOMB COUNTY, had an obligation to train their officers regarding the constitutional rights of citizens to due process and a fair trial, how those rights are protected and how those rights are violated.

62. Defendant, MACOMB COUNTY, had an obligation to supervise their officers to ensure that the constitutional rights of citizens were not violated.

63. Defendant, MACOMB COUNTY, had actual and/or constructive knowledge that Defendant, STANLEY, was engaged in conduct

that posed a pervasive and unreasonable risk of constitutional injury to members of the public. They knew or reasonably should have known that, given his history, lawsuits filed against him, complaints made against him, and news reports that he had a propensity for violence.

64. Defendant, MACOMB COUNTY, had an obligation to train their officers regarding proper dealing with the public.

65. Defendant, MACOMB COUNTY, failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights citizens by officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation of those constitutional rights and regarding proper dealing with the public.

66. Defendant MACOMB COUNTY, despite knowing about Defendant, STANLEY's, prior instances of abuse, assault, battery, and disregard for constitutional rights continued to not only employ STANLEY but, have him in a supervisory role.

67. Defendant MACOMB COUNTY's systemic failure to train and supervise its employees amounted to a custom and policy of deliberate indifference to detainees' rights.

68. Defendant, MACOMB COUNTY, failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights citizens by officers and had a custom or policy of knowingly acquiescing and/or encouraging excessive force against citizens.

69. Defendant MACOMB COUNTY's deliberate indifference, shown by its failure to adequately train and supervise its employees', was the driving force behind Defendant STANLEY's use of excessive force and the violation of Plaintiff's constitutional rights.

70. Defendant MACOMB COUNTY also had an unconstitutional custom and policy of acquiescing and/or encouraging the use of excessive force by its employees.

71. Defendant, MACOMB COUNTY, encouraged and knowingly acquiesced to Defendant STANLEY's use of excessive force by failing to discipline or remediate a history of use of excessive force by its employees, and by Defendant STANLEY in particular. Defendant MACOMB COUNTY's unconstitutional custom and policy of knowing acquiescence was the moving force behind Defendant STANLEY's use of unconstitutional excessive force against Plaintiff, and violated Plaintiff's rights under the

Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

72. By inadequately training and/or supervising their officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, Defendant, MACOMB COUNTY, encouraged and cultivated the conduct which violated Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

73. There is an affirmative causal link between the acts/omissions of Defendant, MACOMB COUNTY, and the injuries and damages sustained by Plaintiff, CODY TINDALL.

74. The conduct of Defendant, MACOMB COUNTY, violated 42 U.S.C. § 1983 and the rights afforded to Plaintiff Cody Tindall.

75. Plaintiff's physical and emotional injuries were a direct and proximate result of the conduct of Defendant, MACOMB COUNTY and their deliberate indifference to his Constitutional rights.

76. That as a direct and proximate result of the above- and below-described actions, CODY TINDALL suffered damages, including, but not limited to:

a. Broken nose;

b. Blood coming from nose and stuck to his face;

c. Prolonged pain;

d. Prolonged suffering;

e. Facial contusions;

f. Headaches;

g. Pain and suffering;

h. Post-Traumatic Stress Disorder;

i. Anxiety;

j. Mental anguish;

k. Emotional distress;

l. Fright and shock;

m. Humiliation and/or mortification;

n. Economic loss;

o. Punitive damages;

p. Exemplary damages;

q. Attorney fees and costs pursuant to 42 U.S.C. §1988;

r. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

s. Any other damages allowed by law;

77. The acts and/or omissions of Defendants were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of CODY TINDALL. Therefore, CODY TINDALL requests an award of punitive and exemplary damages. Plaintiff

has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

78. That the Defendants are not entitled to qualified immunity.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in her favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

## COUNT III- ASSAULT AND BATTERY DEFENDANT STANLEY

79. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

80. At all times relevant hereto, Defendant STANLEY made threatening statements and movements creating within Plaintiff, CODY TINDALL, a well-founded fear of imminent peril and/or contact.

81. Defendant STANLEY had the apparent ability to carry out the act if not prevented.

82. Defendant STANLEY physically attacked Plaintiff, CODY TINDALL, when he lifted his head up and slammed it into the restraint chair.

83. Defendant STANLEY had no good faith reason to use force against Plaintiff, CODY TINDALL especially when he was unarmed, restrained, and surrounded by seven (7) other officers nearby.

84. The misconduct of Defendant STANLEY directly and proximately caused Plaintiff, CODY TINDALL, to suffer numerous injuries including, but not limited to:

a. Broken nose;
b. Blood coming from nose and stuck to his face;
c. Prolonged pain;
d. Prolonged suffering;
e. Facial contusions;
f. Headaches;
g. Pain and suffering;
h. Post-Traumatic Stress Disorder;
i. Anxiety;
j. Mental anguish;
k. Emotional distress;
l. Fright and shock;
m. Humiliation and/or mortification;
n. Economic loss;
o. Punitive damages;
p. Exemplary damages;
q. Attorney fees and costs pursuant to 42 U.S.C. §1988;

r. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

s. Any other damages allowed by law;

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**DEFENDANT STANLEY**

85. Plaintiffs restate and incorporate the above paragraphs as if fully rewritten herein.

86. At the time of the above described incident, Defendant STANLEY, acted in an extreme and outrageous manner. His actions went beyond all bounds of decency.

87. At the time of the above described incident, Defendant STANLEY, intended to cause Plaintiff, CODY TINDALL, serious emotional distress.

88. At the time of the above described incident, Defendant STANLEY's conduct proximately caused Plaintiff, CODY TINDALL serious emotional and physical distress.

89. Defendant, MACOMB COUNTY, is vicariously liable for Defendant STANLEY's intentional infliction of emotional distress alleged herein against Plaintiff, CODY TINDALL.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

*/s/Nora Y. Hanna*
GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
n.hanna@fiegerlaw.com

April 9, 2020

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CODY TINDALL,

Plaintiff,

Case No. 20-
Hon.

vs.

MACOMB COUNTY, a municipal Entity; SERGEANT JAMES STANLEY, in his individual and official capacity, jointly and severally;

Defendants.

---

GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355-5148
n.hanna@fiegerlaw.com

---

**DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, CODY TINDALL, by and through his attorneys FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.,

and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,
*/s/Nora Y. Hanna*
GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
n.hanna@fiegerlaw.com

April 9, 2020

# EXHIBIT 1

**(This exhibit is being filed in the traditional manner via a CD after this pleading has been accepted by this honorable court)**